THE PERRY DISTRICT FAIR SOCIETY v. S. S. ZENOR, *et al.*, Defendants, Appellees. THE PERRY DISTRICT AGRICULTURAL ASSOCIATION, Intervener, Appellant.

**Service on Agent:** EVIDENCE. An original notice served on one who was appointed by the directors of a corporation to fill a vacancy in the secretary's office and who acted as secretary with the knowledge of the other officers, is a good service on the corporation.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

TUESDAY, OCTOBER 8, 1895.

*R. S. Barr, Shortley & Harpel,* and *James G. Day* for appellant.

*White & Clarke* for appellees.—*Affirmed.*

Kinne, J.—I. In June, 1892, plaintiff began its action in equity in the district court of Dallas county against the defendants Zenor and Caldwell, praying that an injunction might issue to restrain the sale under an execution of a building situated upon the land now in controversy. The issues tendered in that action have been determined, and are not in controversy in this appeal. In February, 1893, the Perry District Agricultural Association filed in said cause a petition of intervention, in which it was alleged that the land in dispute had been sold under an execution issued upon a judgment rendered in a proceeding to foreclose a certain mortgage, brought by Murray, Nelson & Co., and against the Perry Agricultural Association and others, wherein service of notice, as to said corporation, was made upon one O'Connor, as its secretary; that O'Connor was not such officer when he was thus served;

and therefore the court was without jurisdiction. And the prayer was that the judgment, decree of foreclosure, sale, sheriff's deed thereunder, as well as the deed under which plaintiff claims, be set aside, and for other relief. The district court dismissed the petition of intervention, and from such ruling and judgment this appeal is taken.

II.    The facts relating to this controversy, so far as material to the determination of the question presented upon this appeal, we find to be as follows: June 24, 1887, the Perry Agricultural Association, a corporation, was organized, having its principal place of business at the city of Perry, Iowa. The corporation executed its four promissory notes, aggregating the sum of one thousand seven hundred and ninety-two dollars, and to secure the same made a mortgage upon the forty acres of land now in dispute. In December, 1888, the corporation made an attempt to change its name by amending its articles of incorporation so that the name should be the Perry District Agricultural Association. In May, 1889, the defendant herein, Blair, commenced an action against the Perry Agricultural Association and others for a foreclosure of the aforesaid mortgage, upon two of said notes which it secured, and which were then due. In this proceeding no mention was made of the change, or attempted change, of the name of the corporation. The original notice was directed to the corporation in its original name, and service thereof was made upon one Cole, who was at the time secretary of the corporation. Judgment and decree by default were entered, and a special execution ordered for the sale of the property. It was advertised, but before the sale the execution was, by order of the court, returned unsatisfied. In July following, Murray, Nelson & Co., the owners of the two last notes secured by said mortgage, instituted a suit for judgment upon the same, and to foreclose the mortgage;

making the Perry Agricultural Association and others defendants, and making no mention of the change, or attempted change, of the name of the corporation. The original notice was directed to the corporation by its original name, and service was made on it by serving one O'Connor, as its secretary. Such proceedings were had that a judgment by default was entered; also, a decree of foreclosure, and a sale of the property made thereunder to one Blair, who is also a defendant in this action. Blair bid in the property for one thousand five hundred and sixty-eight dollars and ten cents, and the proceeds of sale were ordered applied upon both of the above judgments. No redemption having been made, Blair sold the property to the plaintiff herein, a corporation duly organized, and deeded it to it, March 2, 1892. Plaintiffs have ever since had possession of, and occupied, said land. It seems that, for reasons not necessary to be set out herein, the name of the Perry Agricultural Association was never legally changed to that of the Perry District Agricultural Association. No question is made, in argument, that, so far as this case is concerned, it is at all material whether said change of the name was in fact legally effected or not. The contention of appellants is that O'Connor, at the time service of the notice of foreclosure was made upon him, was not the secretary of the corporation, as originally named, or as it had changed its name, if such change should be deemed to have been legally effected. It seems that in January, 1889, Cole was elected secretary of the corporation. On the one hand, it is contended that Cole continued to serve as such officer during that year; and, on the other hand, it is claimed that when elected he declined to serve, and that, in fact, at a meeting of the directors held in June, 1889, and prior to the service of the notice upon O'Connor, the latter was elected secretary, and continued to serve as such for the remainder of the year. There is much conflict in

the evidence relating to the matter of Cole's having resigned, or declined to serve, at some time prior to the time the notice was served upon O'Connor. We think it is shown by the testimony that O'Connor, when he was served with the notice, was in fact acting as secretary of the corporation, and had been so acting for some time prior thereto. We think, also, that it might be well found from the testimony that O'Connor was elected as secretary at a meeting of the directors held in June, 1889. It further appears that the sale of the land to Blair occurred in 1889; that such sale, and the proceedings which led up to it, were known to the governing body of appellant at or about the time that they occurred, and it was over two years thereafter, and after deed had been executed to Blair and he had conveyed it to plaintiff, before appellant asserted any claim to the land now in controversy.

III. From the facts, as we have found them, it appears that O'Connor was in fact secretary of the appellant corporation when he was served with notice of the foreclosure proceedings, as its secretary, and hence the service was made upon the proper officer. The evidence is abundant to show that, at and prior to the time O'Connor was served as secretary of appellant, he was in fact acting as such. It is urged that the secretary was to be elected by the stockholders, and that as Cole was then elected, and by the articles of incorporation the secretary was to hold his office for a year, and as said articles provide for no meeting except in January, he must have been such officer when service was made upon O'Connor. By article eight of the articles of incorporation, it is provided that "vacancies occurring in such offices shall be filled by appointment, by the board of directors." Now, as we have said, we think it appears that at a meeting in June, 1889, O'Connor was appointed as secretary by the board of directors. The direct evidence of that fact is strengthened by the

further fact that it is well established that from that time he in fact acted as secretary. O'Connor, at least a week before the notice was served upon him, had arranged the premium list for the fair, and had been contracting, as such officer, for the society's printing. The board of directors, having, as we have seen, the power to fill vacancies, must also be charged with the duty of determining when there is a vacancy to be filled. This they did. They elected O'Connor. He proceeded to discharge the duties of the office, with the knowledge, at least, of many of appellant's officers. We do not deem it necessary, in this case, to enter upon a discussion of the law touching officers *de facto*, and whether, if O'Connor were simply such an officer, his acts as such could be inquired into in any except a direct proceeding. We hold that the facts show him to have been regularly elected to fill a vacancy; that he was, in all respects, duly authorized to act as secretary of the corporation at the time the service was made. Such being the case, the court entering the judgment and decree obtained jurisdiction by a proper service of notice. There are still other reasons which should, in our judgment, preclude appellant from recovering, but we need not consider them. We are fully satisfied with the correctness of the result reached by the lower court.— *Affirmed.*